*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-015

JUNE TERM, 2016

| | | |
|---|---|---|
| Jennifer Johnson | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Addison Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Gregory Johnson | } | DOCKET NO. 168-10-15 Andm |

Trial Judge: Samuel Hoar, Jr.

In the above-entitled cause, the Clerk will enter:

This is the third appeal that defendant ex-husband has brought before this Court concerning post-judgment matters in this divorce case. This time, defendant appeals from an order of the Superior Court, Addison Unit, Family Division, imposing a lien on the former marital homestead. We affirm.

The parties divorced in June 2011 after a nineteen-year marriage. They entered into a separation agreement that was incorporated in the final divorce order. Under the agreement, defendant was given exclusive possession of the marital home and made solely responsible for all home expenses—including mortgage payments, property taxes, and maintenance—for up to two years until either the property was sold or he bought out plaintiff ex-wife's fifty-percent interest in the home.

The marital home had still not been sold at the time of an August 1, 2014 hearing, during which the parties' attorneys indicated to the court that the parties had resolved several issues concerning the sale of the home. They concurred that plaintiff would borrow money from a friend and have work done on the home, estimated at approximately $10,000, to facilitate the sale of the home, and that the loan could be deducted from the proceeds from the sale of the home. The court memorialized this in an August 4, 2014 entry order in which it noted that the parties had resolved the issue regarding the sale of the home by agreeing that plaintiff would make improvements to the home and deduct the cost of repairs from the sale of the home. The court further noted that the parties would file a stipulation to that effect. Apparently, each party submitted separate proposed orders that differed in certain respects, and neither one was ever endorsed by the court.

Beginning in September 2014, defendant failed to make the mortgage payments on the home and it went into foreclosure. In October 2015, plaintiff filed several motions, including motions to find defendant in contempt, to compel him to convey the marital home to her, and to place a lien on the home for $15,000 that she had borrowed from the friend to fix up the home. On November 4, 2015, defendant opposed the motion to place a lien on the home, stating that the marital home was "underwater" by $55,000, and thus there would be no

proceeds to satisfy the lien. On November 24, 2015, following a status conference in which defendant and plaintiff's attorney discussed the lien with the court, the court issued an entry order providing, in relevant part, as follows:

The parties agree that [the friend] has loaned them a total of $15,000 for necessary improvements to the marital home, to prepare it for sale on the most advantageous terms. The motion to create lien (no. 4) is therefore granted. [The friend] has an enforceable lien against the marital residence, in the amount of $15,000.

On December 2, 2015, defendant filed a motion to alter or amend the November 24 order, arguing that the court erred by causing a lien to be placed on the marital home without clarifying who is responsible for repayment of the loan. Stating that both parties should be equally responsible for repayment of the loan from which they both were to benefit, defendant asked the court to modify the November 24 order to reflect that the loan should be treated as a separate obligation owed by both parties and that lien may be placed on the property "with the understanding that it is very unlikely that any proceeds will be available for even the partial repayment of the amount owed." The court denied defendant's motion to alter or amend, stating that its "order serves only to recognize a lien on the marital residence, not to alter the parties' obligations to each other or to [the friend]."

Defendant appeals and cites nine claims of error, most of which were never raised before the family court. Plaintiff responds briefly by arguing that defendant waived any objections to the lien by agreeing to it before the court. We agree. Although defendant initially opposed plaintiff's motion to have the lien placed on the home, our review of the transcript of the November 24 hearing confirms that he agreed to the lien, as stated in the court's order dated that same day. Defendant concurred that the $15,000 was for necessary improvements to the home and further acknowledged that he agreed to the loan amount being deducted from any proceeds from the sale of the home. He then stated: "I certainly want [the friend] to get his money, if this will help him at all, but I think there are so many people in front of him, it's not going to help him too much, but it's your call." Defendant later filed a motion to alter or amend the court's order confirming his agreement to the lien, but, as noted above, he asked that the court modify the order to have the lien placed with the understanding that both parties are responsible for the loan and that most likely there would be no proceeds from the home to satisfy the loan. In response, the court confirmed that its order served "only to recognize a lien on the marital residence, not to alter the parties' obligations to each other or to [the friend]." In short, defendant acquiesced in, and thus waived any objection to, the order he now challenges. See Sundstrom v. Sundstrom, 2004 VT 106, ¶ 21, 177 Vt. 577 (mem.) ("We have consistently held that to preserve an issue for appeal, a party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it." (quotation omitted)).

All of the other issues raised by defendant are either moot or unpreserved. Accordingly, we find no basis to disturb the challenged order.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice